**FIRST DELAWARE VALLEY CITI-ZENS TELEVISION, INC.**

v.

**CBS, INC. and WHP, Inc.**

**Civ. A. No. 75–1152.**

United States District Court, E. D. Pennsylvania.

July 1, 1975.

Stuart H. Savett, Donald L. Weinberg, Harold E. Kohn, P.A., Philadelphia, Pa., for plaintiff, First Delaware Valley Citizens Tel., Inc.

J. Roger Wollenberg, Timothy N. Black, Wilmer, Cutler & Pickering, Washington, D. C. (Benjamin M. Quigg, Jr., Stephen W. Armstrong, Morgan, Lewis & Bockius, Philadelphia, Pa., of counsel), for defendant, CBS, Inc.

Max L. Lieberman, Pelino, Wasserstrom, Chucas & Monteverde, Philadelphia, Pa. (Daniel M. Redmond, Richard D. Marks, Dow, Lohnes & Albertson, Washington, D. C., of counsel), for defendant, WHP, Inc.

## MEMORANDUM

GORBEY, District Judge.

The defendant, WHP, Inc., has filed a motion to stay discovery or in the alternative, to limit discovery, adopting the argument of the other defendant CBS in a similar motion to stay discovery, which has already been denied by the court on June 18, 1975. The present motion must be denied for reasons including those given in the court's memorandum accompanying the order denying the CBS motion to dismiss the complaint or to stay proceedings pending final decision of the FCC in the action in which CBS and the plaintiff are engaged.

With respect to the motion of WHP, Inc. to limit discovery to one of the three overt acts in furtherance of the alleged conspiracy, *i. e.* the Cohen & Dippell incident, with which WHP, Inc. was expressly identified, it must be noted that use of the discovery rules is intended to "make a trial less a game of blindman's bluff and more a fair contest with the basic issues and facts disclosed to the fullest practical extent." *United States v. Procter & Gamble Co.*, 356 U.S. 677, 683, 78 S.Ct. 983, 986, 2 L.Ed.2d 1077 (1958). WHP, Inc. is an alleged conspirator; all the plaintiff wants, and is entitled to get, are the facts, within the knowledge of WHP, Inc. as to the subject matter which is the alleged conspiracy.

"The rules recognize only three limitations on the broad scope of discovery thus far indicated. The matter sought to be discovered must be relevant to the subject matter of the action, it must not be privileged, and it must not be the 'work product' of an attorney."

*Wright, Federal Courts, 2d Ed.* § 81, page 359.

In a leading case the Supreme Court of the United States stated:

"Mutual knowledge of all the relevant facts gathered by both parties is essential to proper litigation. To that end, either party may compel the other to disgorge whatever facts he has in his possession."

*Hickman v. Taylor*, 329 U.S. 495, 507, 67 S.Ct. 385, 392, 91 L.Ed. 451 (1947).

The importance of discovery in an alleged conspiracy situation is emphasized when considered along with the judicial statement to the effect that:

"It is true that a conspiracy may be proved by other than direct evidence, for seldom are the conspiratorial villains so devoid of cleverness as to broadcast their oral agreements or publicly circulate the written memos which describe their plan."

*Rutledge v. Electric Hose and Rubber Co.*, 327 F.Supp. 1267, 1274 (C.D.Cal. 1971).

The defendant's motion to limit discovery must be denied.